IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL K. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-0146 |
| ) | |
| BUFFALOE AND ASSOCIATES, PLC and ) | Judge Trauger |
| ADVANTAGE ACCEPTANCE CORP., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the court are the plaintiff's "Objections to Magistrate Judge's Order Denying Plaintiff's Motion for Sanctions and Motion for Summary Judgment." (ECF No. 29.) The plaintiff also appears to seek review of the Magistrate Judge's order directing him to file a response in opposition to the defendant Buffaloe and Associates, PLC's motion to dismiss, and cautioning him that failure to do so might result in the granting of the motion. For the reasons set forth herein, the objections (ECF No. 29) are **OVERRULED** in their entirety and the underlying orders to which the plaintiff objects (ECF Nos. 18 and 26) are **AFFIRMED**.

### I. The Order Purportedly Denying the Plaintiff's Motion for Summary Judgment

The court has scoured the record and has not located any order denying the plaintiff's motion for summary judgment. In the Magistrate Judge's order at ECF No. 18 he specifically directed the defendant Buffaloe & Associates to respond to the motion. In his recent order granting Buffaloe & Associates' motion for clarification (ECF No. 69), the Magistrate Judge confirmed that he did not, in fact, deny the plaintiff's motion for summary judgment, which remains pending. This portion of the plaintiff's objection is therefore **OVERRULED** as **MOOT**.

### II. Order Denying the Motion for Sanctions

The order denying the motion for sanctions is a non-dispositive, pretrial order. Under Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 626(b)(1)(A), a party may object to a magistrate judge's non-dispositive orders. If a timely objection is filed, the district court must review the objection and must affirm the magistrate judge's ruling unless the movant demonstrates that the ruling is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not empower

a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985). Instead, the standard is met when, despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395 (1948).

In his motion for sanctions, the plaintiff indicated that he sought sanctions based on Buffaloe's "fraud upon this Court." (ECF No. 15, at 1.) He did not identify any fraud in his motion; instead, he premised the motion upon "the reasons stated in Plaintiff's motion for summary judgment." (*Id.*) The magistrate judge denied the motion because it did not comply with Rule 11(c)(2) of the Federal Rules of Civil Procedure, which requires that a motion for sanctions be "made separate from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." In addition, the motion must be served under Rule 5, but it must not be filed with the court if the challenged action by the other party is withdrawn or otherwise corrected within 21 days after service of the motion. Fed. R. Civ. P. 11(c)(2).

The law in this circuit is clear: "[S]anctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997), *quoted in Uszak v. Yellow Transp., Inc.*, 343 F. App'x 102, 107 (6th Cir. 2009). The Magistrate Judge's denial of the motion based on the plaintiff's failure to comply with Rule 11(c)(2) therefore was not clearly erroneous or contrary to law.

The plaintiff filed a motion for reconsideration of the denial of his motion for sanctions, in which he acknowledged the Magistrate Judge's "admonition concerning the requirements for a motion under Fed. R. Civ. P. 11," and promised to be more observant of court rules going forward, but then sought to recharacterize his motion as a motion to invoke the court's "inherent authority" to sanction bad faith conduct in litigation, irrespective of Rule 11. (ECF No. 22, at 1.) The motion itself, however, did not identify any action on the part of the defendant Buffaloe that might be sanctionable and instead, as the Magistrate Judge found, pertained "to matters totally unrelated to this litigation." (ECF No. 26, at 1.) Because the plaintiff's filings do not indicate what actions Buffaloe or its attorneys took that might be sanctionable, the Magistrate Judge's denial of the motion for reconsideration was not clearly erroneous.

The plaintiff's objections to the denial of his motion for sanctions are therefore **OVERRULED**, and the orders denying the motion for sanctions and the motion to reconsider that order are **AFFIRMED**.

### III. Order Directing Response to Motion to Dismiss

In his order entered March 28 (ECF No. 26), the Magistrate Judge noted that the plaintiff, instead of filing a response in opposition to defendant Buffaloe's motion to dismiss, filed a motion to convert that motion into a motion for summary judgment and his own cross-motion for summary judgment. The Magistrate Judge directed the plaintiff to file a response to the motion to dismiss. The plaintiff objects to being required to file a separate response to the motion to dismiss. He insists that his motion for summary judgment should be liberally construed as also responding to the motion to dismiss.

The local rules require that "[e]ach party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion." M.D. Tenn. L.R. 7.01(b). The Magistrate Judge's order directing a response to the defendant's motion was not clearly erroneous or contrary to law.

Moreover, with respect to the plaintiff's contention that his summary judgment motion included a "lengthy 24 page argument in direct response to Defendant's contentions" and therefore, in light of his *pro se* status, should be liberally construed as a response to the motion to dismiss (ECF No. 29, at 3), the court notes that the plaintiff's motion in fact does not remotely address the arguments raised in the defendant's motion to dismiss. The Magistrate Judge's order was for the purpose of providing the *pro se* plaintiff yet another opportunity to file a response that actually pertains to the matters at issue in this case. The plaintiff's objection is **OVERRULED** and the Magistrate Judge's order (ECF No. 26) is **AFFIRMED**.

Finally, to the extent the plaintiff's objections may be construed as seeking review of the Magistrate Judge's order denying his motion to convert the defendant's motion to dismiss into a motion for summary judgment, the plaintiff has not shown that the Magistrate Judge's order in that regard was clearly erroneous or contrary to law either. Thus construed, the objection is **OVERRULED**, and the order denying the motion to convert the motion to dismiss into a motion for summary judgment is **AFFIRMED**.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge