# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| SAMUEL K. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-0146 |
| | ) | |
| BUFFALOE AND ASSOCIATES, PLC and | ) | Judge Trauger |
| ADVANTAGE ACCEPTANCE CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the court are the plaintiff's "Objections to Magistrate Judge's Orders of April 17th and 18th, 2013" (ECF No. 42). The court presumes, based on the filing dates, that the plaintiff objects to Magistrate Judge Brown's orders at ECF No. 34 (filed April 17, 2013) and ECF No. 40 (filed April 18, 2013).  For the reasons set forth herein, the plaintiff's objections are **OVERRULED**, and the orders to which he objects are **AFFIRMED**.

## I.      Order of April 17, 2013 (ECF No. 34)

In the first of the two orders to which the plaintiff objects, Magistrate Judge Brown observed that the plaintiff had filed a Chapter 7 bankruptcy petition on January 23, 2013, and gave notice to the trustee in the plaintiff's bankruptcy case, Mr. Thomas Larry Edmonson, Sr., that the case was scheduled for a case management conference on April 23, 2013. The Magistrate Judge also noted that he had "serious doubt that the Plaintiff has the authority to pursue this matter" insofar as it was an asset of the plaintiff's bankruptcy estate and thus "belongs to the trustee at this point." (ECF No. 34, at 1.)

The plaintiff objects to the suggestion that Mr. Edmonson has the right to intervene in this case and contends that Judge Brown was acting without jurisdiction. Regardless of what standard of review applies, the plaintiff's objections have been rendered moot. On May 7, 2013, the undersigned entered an order staying the case at bar on the basis that the plaintiff had an open Chapter 7 bankruptcy case, and ordered that Mr. Edmonson either file a motion to be substituted as plaintiff in this case or a notice informing the court of his position as a party in interest in this case. (ECF No. 55.) In accordance with that order, Mr. Edmonson, as trustee in the plaintiff's bankruptcy case, filed his notice of position expressly

stating that, as trustee, he asserted no interest in this litigation. (ECF No. 59.) The court therefore lifted the stay. (ECF No. 60.) In sum, Mr. Edmonson will not intervene or assert any interest in this case. This portion of the plaintiff's objection at ECF No. 42 is **OVERRULED AS MOOT**.

## II.     Order of April 18, 2013 (ECF No. 40)

In his April 18 order, the Magistrate Judge granted the State of Tennessee's Motion to Intervene, "as requested."[1] The State sought to intervene as of right under 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 24(a), on the basis that the plaintiff's complaint alleges that the state's "'civil warrant' process . . . is unconstitutional." (ECF No. 1, at 1.) In its motion, the State asserts that it seeks to defend the constitutionality of its statutes.

In his opposition to this order, the plaintiff posits that the assistant general attorney who filed the motion seeks to intervene for the purpose of arguing the merits of why Mr. Edmonson should "perfect the litigation." (ECF No. 42, at 9.) This assertion is purely speculative and unsupported, and has been rendered moot by Mr. Edmonson's refusal to assert an interest in this suit. Regardless, the plaintiff also states that he will "submit a voluntary dismissal of any and all claims relating to the constitutionality of Tenn. Code Ann. § 16-15-901 [which concerns "Civil warrants; delivery to persons authorized to serve process"], effectively precluding any involvement of the State of Tennessee." (ECF No. 42, at 10.)

On the same day he filed his objections, the plaintiff indeed filed a "partial voluntary dismissal," stating:

> Plaintiff, Samuel K. Robinson, hereby voluntarily dismisses his claims that Tennessee Code Annotated § 16-15-901 is unconstitutionally vague and ambiguous, but retains all constitutional claims that the 'civil warrant' process, as a judicial process, and as specifically employed by Defendants, Buffaloe and Associates, PLC, is unconstitutional from the description submitted in the Complaint.

(ECF No. 46.) After the filing of this motion, the State of Tennessee confirmed that, even if the voluntary dismissal were granted, the State would maintain an interest in the lawsuit, as the plaintiff's complaint alleges that Tennessee's "civil warrant process" violates the First, Fourth, Seventh, and Fourteenth Amendments, and "[a] review of Plaintiff's allegations reveals that his allegations go beyond a claim that

---

[1] Magistrate Judge Brown did not enter a formal written order, but simply entered a docket notation granting the motion for the reasons stated in the motion.

the civil warrant process is unconstitutionally vague and ambiguous." The plaintiff's objection therefore has not been rendered moot.

Regardless, the order to which the plaintiff objects is a non-dispositive, pretrial order. Under Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 626(b)(1)(A), a party may object to a magistrate judge's non-dispositive orders. If a timely objection is filed, the district court must review the objection and must affirm the magistrate judge's ruling unless the movant demonstrates that the ruling is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985). Instead, the standard is met when, despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395 (1948).

By statute, the State had an unequivocal right to intervene under the circumstances in this case:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b). Because the plaintiff's complaint very clearly calls into question the constitutionality of a state statute, the Magistrate Judge's order permitting the State to intervene was not erroneous or contrary to law. Moreover, the plaintiff's voluntary dismissal of his claim that Tenn. Code Ann. § 16-15-901 is unconstitutionally vague and ambiguous did not extend to his claim that Tennessee's "civil warrant" process is unconstitutional, and therefore did not entirely obviate the basis for the State's intervention.

The plaintiff's objection to the order permitting the State to intervene is therefore **OVERRULED**.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge