**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SAMUEL K. ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:13-cv-0146** |
| | ) | |
| **BUFFALOE AND ASSOCIATES, PLC and** | ) | **Judge Trauger** |
| **ADVANTAGE ACCEPTANCE CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the Court are the plaintiff's "Motion for Default Judgment and Objections to Magistrate's Order of April 24th 2013." (ECF No. 54.) In this filing, the plaintiff objects to the denial of his motion for default entered by the Clerk of Court (ECF No. 47), and to the Magistrate Judge's April 24 order (ECF No. 50) which, among other things, directed the plaintiff to show cause why the Magistrate Judge should not either sanction him or recommend dismissal of the case under Rule 41, based on the plaintiff's deliberate failure to attend the case management hearing scheduled for April 23, 2013, or to notify the court that he would be unable to attend.

**I.      Motion for Default**

The plaintiff seeks review of the Clerk's denial of his motion for default, and he insists that his motion for default was addressed to the district court, not to the Clerk. The plaintiff points out that, under Rule 55(b) of the Federal Rules of Civil Procedure, it would not have been appropriate for the Clerk to enter default judgment in this case because the plaintiff's damages claim is not for a sum certain.

As the Magistrate Judge explained in his order entered April 24, 2013, the plaintiff overlooks the fact that Rule 55 establishes a two-part process for obtaining a default judgment. First, under Rule 55(a), the Clerk of Court must grant a motion for default, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, if that step is accomplished, then a motion for default *judgment* may be filed under the procedure established by Rule 55(b)(1) or 55(b)(2), depending on whether the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).

In this case, the plaintiff's motion for default (ECF No. 44) was appropriately construed by the Clerk of Court as a motion for entry of default under Rule 55(a), regardless of whether the plaintiff's motion was addressed to "the Court." (ECF No. 44, at 1.) Further, the Clerk's denial of the motion was not erroneous or contrary to law. As stated above, default is only appropriate where the opposing party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The record reflects that the defendant against whom default was sought, Advantage Acceptance Corp., was served with the complaint on or around March 20, 2013; on April 18, 2013, that defendant filed its motion to dismiss and attempted service of the motion on the plaintiff. The Clerk declined to enter a default against the defendant on the basis of what appeared to be an inadvertent clerical error absent any claim or proof of prejudice to the plaintiff. (ECF No. 47.) The Clerk also directed Advantage Acceptance Corp. to "promptly serve upon Plaintiff a copy of its motion to dismiss at Plaintiff's address of record." (*Id.*) The plaintiff's appeal of the denial of his motion for default is **DENIED**. The plaintiff has not established any basis for a default judgment against Advantage Acceptance Corp. The order denying the Clerk's order denying the motion for default is **AFFIRMED**.

## II.     Order of April 24, 2013 (ECF No. 50)

On March 20, 2013, the Magistrate Judge entered an order setting this case for a case management hearing on April 23, 2013, at 1:30 p.m. On April 23, the plaintiff filed several motions and documents, including objections to the Magistrate Judge's Orders of April 17 and 18, 2013 (ECF No. 42), a motion seeking the recusal of Judge Brown (ECF No. 43), a motion for default judgment against defendant Advantage Acceptance Corp., supported by the plaintiff's affidavit (ECF Nos. 44 and 45), and a notice of partial voluntary dismissal (ECF No. 47). These documents were stamped as filed at 10:10 or 10:11 a.m. on April 23, 2013.

The plaintiff states, in his present objections, that he filed these documents "by hand, in person." (ECF No. 54, at 4.) He did not, however, stay in or return to the courthouse for the 1:30 hearing. Instead, he returned home and checked his computer to insure these documents had been filed. The plaintiff failed to notify the court or any of the other parties that he could not or would not attend the case management conference. On April 24, 2013, Magistrate Judge Brown entered an order directing the plaintiff "to show cause within **14 days** of the receipt of this order why the Magistrate Judge should not

sanction him for failing to attend a scheduled hearing and/or to recommend that the case be dismissed under Rule 41 for a deliberate failure to obey Court orders." (ECF No. 50, at 3.) The plaintiff's present objections take issue with this show-cause order.

In his objections, the plaintiff indicates that he intentionally did not appear at the case management conference because he believes the order setting the conference was "illegal, thus without jurisdiction (as below), Plaintiff therefrom having no intention of attending the said conference." (ECF No. 54, at 4.) The plaintiff attempts to explain:

> The conclusion of the Plaintiff was that if the document [the plaintiff does not clarify which of the documents he filed that day he is referencing] was not filed in advance of the hearing, there would be *merely* an appearance upon the record of this case that the Plaintiff defied a court order, and grounds for sanctions would, of course, be sought by Magistrate Brown, as seen in the immediate order following. However, as the Court may note upon the record, that the Plaintiff filed his documentation at 10:10 a.m., as clearly stamped by the Clerk's office, yet, as Magistrate Brown's order reveals, it was not actually filed until well after, thus fraudulently, at his instruction. Very clearly in the show cause order of Magistrate Brown, the subject of these objections, Magistrate Brown states very vividly, "Mr. Robinson filed a number of motions just before the hearing." (citations omitted [sic]). Thus , indeed, although the documentation of the Plaintiff, was stamped filed at 10:10 a.m., Magistrate Brown describes the filing of the documents as "just before the hearing", affirmatively divulging his knowledge of the illegal delay, which fact does not otherwise appear in the record except by this statement in Magistrate Brown's order. If, then, there was knowledge of such a delay, there was also involvement as well, due to the fact that, without knowledge of a matter, one cannot act nor speak concerning. Here, Magistrate Brown clearly was involved in the illegal delay of the filing of the documentation, in order to attempt to falsify the record in the case to attempt to reflect negatively against the Plaintiff. Magistrate Brown, in accordance with the foregoing examination, has promptly sought to sanction Plaintiff, revealing intent of the illegal delay. Magistrate Brown then provides a nexus to himself to the order of the Clerk of Court by stating "First, the Clerk of the Court has to grant a motion for default.", whereas, Plaintiff has not made any request to the Clerk of the Court, but only to the Court. The theme of the order of Magistrate Brown is to address matters that are not directed to him, even a motion for his recusal wherein he is accused of illegalities, being that all of the documents are clearly marked for Judge Trauger in the caption thereof, the very same error as the order of the Clerk of the Court; very correspondent, since the order is specifically tailored to correspond. What is more important about this court order is that, within it, Magistrate Brown completely eludes comment upon what are very serious and substantial accusations against him, just as Ms. Laura Kidwell [assistant attorney general] or Mr. Vernich [attorney for Advantage Acceptance Corp.] fail to assert any defense of such as well. Magistrate Brown has issued an order that Plaintiff show cause as to why the Plaintiff did not attend the conference of April 23, 2013, and, despite these objections, Plaintiff has opted to respond in any event.
>
> As stated in the previous objections, Plaintiff asserted that it was the intent of Magistrate Brown to intentionally harm the Plaintiff, and aptly mention Mr. Gary Rubenstein, and his attempt to illegally evict the Plaintiff. . . .

(ECF No. 54, at 4–5.) The plaintiff's objections continue in this vein, mostly speculating wildly and incoherently about a conspiracy among Magistrate Judge Brown, the Clerk of Court, a Mr. Rubenstein,

the attorneys for the parties in this case, and persons with whom the plaintiff is dealing in trying to obtain a loan for the purchase of a piece of property. (*See id.* at 8 ("Plaintiff is quite certain that Mr. Throckmorton [Clerk of Court] has a family he does not wish to risk for the sake of these matters that very evidently do not concern him; but him and his family are being used as a shield by Magistrate Brown to conceal guilt, the same as other parties involved, and only from a false sense of entitlement. Therefore, the order of Magistrate Brown is void as illegal inasmuch as, ju[s]t as shown by direct evidence, he has engaged in a conspiracy involving himself, a U.S. trustee, an assistant attorney general of Tennessee, and several attorneys along with untold others." (footnote omitted)).) The plaintiff also goes on at length regarding a non-party's allegedly illegal entry into the plaintiff's apartment.

Under Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 626(b)(1)(A), a party may object to a magistrate judge's non-dispositive orders. If a timely objection is filed, the district court must review the objection and must affirm the magistrate judge's ruling unless the movant demonstrates that the ruling is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985). Instead, the standard is met when, despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395 (1948).

The Magistrate Judge's show-cause order is a non-dispositive order, and it was not clearly erroneous or contrary to law. The Magistrate Judge has the authority to control his own docket, and his order directing the plaintiff to show cause why he failed to appear at a court-ordered hearing is well within the scope of his discretion. Moreover, the undersigned having referred all pretrial matters in this case to the Magistrate Judge, the Magistrate Judge clearly does have the authority and jurisdiction to schedule hearings and to order the appearance of the parties at those hearings. The filings submitted by the plaintiff on the morning of April 23 did not in any way constitute notice of the plaintiff's intent not to appear at the hearing later that day, or excuse his non-appearance. The plaintiff's failure to appear before the Magistrate Judge for a court-ordered hearing therefore amounted to a flagrant and willful violation of a court order. The plaintiff's objections to the order (ECF No. 54) are therefore **OVERRULED**. The court will

leave to the Magistrate Judge's discretion whether to consider the plaintiff's objections as an effort to show cause for his failure to appear at the hearing, and also leaves to the Magistrate Judge's discretion the handling of that failure. The plaintiff is advised that it will be well within the Magistrate Judge's discretion and authority to recommend dismissal of the case, with prejudice, as a sanction for any future unexcused failure to comply with a duly filed and served court order.

The plaintiff is further advised as follows:

(1) The plaintiff's contentions that the Magistrate Judge and the Clerk of Court are involved in any type of conspiracy to do him harm in any way are based in utterly unfounded speculation and are rejected by the court.

(2) The fact that it took the Clerk's office two hours to file documents that the plaintiff presented to the Clerk's office at 10:10 a.m. is not unusual, does not constitute inordinate delay, and does not amount to evidence of any type of conspiracy to suppress the plaintiff's filings. The Clerk's office employees are very busy and are not always able immediately to file every document presented to them. Further, Magistrate Judge Brown would have been completely unaware of any filing by the plaintiff until it showed up on CM/ECF. Neither Magistrate Judge Brown nor any other person was involved in an attempt to suppress any filing by the plaintiff. Further, the filing of a document three hours prior to a hearing constitutes filing such a document "just before the hearing."

(3) To the extent the plaintiff's present objections can be liberally construed as stating an objection to Magistrate Judge Brown's order denying the motion to recuse himself from presiding over the plaintiff's case, such objections are **OVERRULED**. The plaintiff has not stated any legitimate basis for the recusal of Magistrate Judge Brown.

## III.    Conclusion

In sum, for the reasons set forth herein, the objections (ECF No. 54) are **OVERRULED** in their entirety and the underlying orders to which the plaintiff objects are **AFFIRMED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge