UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL K. ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case 3:13-0146 |
| BUFFALOE & ASSOCIATES, PLC, and ADVANTAGE ACCEPTANCE CORP., | ) ) Judge Trauger ) ) |
| Defendants. | ) |

## ORDER

The referral of this case to the magistrate judge is hereby **WITHDRAWN** both in deference to the plaintiff's stated preference and in the interest of judicial economy and conservation of judicial resources.[1]

Before the court are plaintiff Samuel K. Robinson's motion to amend his complaint (ECF No. 53); defendant Buffaloe & Associates, PLC's Rule 12(b)(6) motion to dismiss (ECF No. 8); defendant Advantage Acceptance Corp.'s Rule 12(b)(6) motion to dismiss (ECF No. 39); and the plaintiff's motion for summary judgment (ECF No. 14). For the reasons explained more fully in the accompanying memorandum the court rules as follows on these motions:

---

[1] The court is cognizant that the plaintiff recently filed a petition for the writ of mandamus in the Sixth Circuit Court of Appeals, of which this court received notice on July 22, 2013. Notwithstanding, numerous decisions in the Sixth Circuit, and other circuits, reflect that the filing of a petition for a writ of mandamus does not operate as an automatic stay of proceedings in the district court. Rather, petitioners who desire a stay of proceedings in the district court while the petition for writ of mandamus is under review must file a motion for stay of proceedings along with the petition for writ of mandamus. *See, e.g.*, *In re United States*, 572 F.3d 301, 307 (7th Cir. 2009) (in which the petitioner, five days prior to scheduled trial date, filed a petition for a writ of mandamus seeking the recusal of the presiding district court judge, along with a motion to stay district court proceedings pending resolution of the petition and also filed a motion for stay with the district court); *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 568 (5th Cir.2006) (where the petitioner filed an emergency petition for writ of mandamus and emergency motion to stay the district court's order pending disposition of the petition, and the Fifth Circuit granted the stay); *In re Perrigo Co.*, 128 F.3d 430, 434 (6th Cir. 1997) (where the petitioner filed a petition for writ of mandamus along with an "emergency motion for stay" of district court proceedings, and the Sixth Circuit "granted the stay pending the disposition of the merits of the petition for mandamus relief"); *EEOC v. K-Mart Corp.*, 694 F.2d 1055, 1059 (6th Cir. 1982) (in which the Sixth Circuit issued an order staying the district court's order pending the three-judge panel's disposition of petition for writ of mandamus). The petitioner in this case did not seek a stay of these proceedings in either this court or, to this court's knowledge, in the Sixth Circuit.

(1) the plaintiff's motion to amend his complaint (ECF No. 53) is **DENIED** on the basis that the proposed pleading fails to comply with Rules 8 or 10 of the Federal Rules of Civil Procedure; that the plaintiff seeks to add new claims against new defendants that are unrelated to his original claims; and because the proposed amendment would be futile insofar as it fails to state a claim for which relief could be granted in this court;

(2) the defendants' motions to dismiss (ECF Nos. 8 and 39) are **GRANTED**, on the basis that the plaintiff fails to allege facts in his original complaint showing that the defendants were state actors or that the plaintiff's constitutional rights were violated, for purposes of his claims under 42 U.S.C. § 1983, and because the plaintiff fails to allege facts suggesting a violation of the Fair Debt Collection Practices Act;

(3) the plaintiff's motion for summary judgment (ECF No. 14) is **DENIED**, because, even if the plaintiff's allegations are accepted as true, the plaintiff has failed to establish that he is entitled to judgment as a matter of law as to any of his claims.

Any other pending motions are **DENIED AS MOOT**.

This action is **DISMISSED** in its entirety. The plaintiff's federal claims are **DISMISSED WITH PREJUDICE**. His state-law claims are **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

This is the final order in this matter for purposes of Rule 58 of the Federal Rules of Civil Procedure.

In light of the pending petition for the writ of mandamus, the Clerk is **DIRECTED** to give notice of this order to the Sixth Circuit Court of Appeals.

_____
Aleta A. Trauger
United States District Judge